Hearing Date and Time: November 9, 2005, at 10:00 a.m. (New York Time)
Response Deadline: October 21, 2005

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11 Case No.
**TL ADMINISTRATION CORPORATION,**                             :
**et al. (f/k/a TWINLAB CORPORATION, et al.),**                :    03-15564 (RDD)
                                                               :
                                                               :    (Jointly Administered)
                                                               :
                    Debtors.                                   :
---------------------------------------------------------------x
                                                               :
**TL ADMINISTRATION CORPORATION,**                             :
**et al. (f/k/a TWINLAB CORPORATION, et al.),**                :
                                                               :    Adversary Proceeding No.
                    Plaintiffs,                                :
                                                               :    05-02376 (RDD)
        v.                                                     :
                                                               :
**IDEASPHERE, INC.,**                                          :
**AND TL ACQUISITION CORP.**                                   :
                                                               :
                    Defendants.                                :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEBTORS' MOTION FOR SUMMARY JUDGMENT**

WEIL, GOTSHAL & MANGES LLP
Attorneys for the Debtors
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Michael P. Kessler, Esq. (MK 7134)

NY2:\1568242\06\XM2@06!.DOC\78300.0003

TL Administration Corporation (f/k/a Twinlab Corporation) ("Holdings"), TL Administration Inc. (f/k/a Twin Laboratories, Inc.) ("Laboratories") and TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) ("TL UK" and collectively with Holdings and Laboratories, the "Debtors"), by and through their Plan Administrator, hereby submit this memorandum of law in support of their motion for summary judgment.

## PRELIMINARY STATEMENT[1]

On September 4, 2003 (the "Commencement Date"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On October 31, 2003, the Bankruptcy Court entered an Order approving an Asset Purchase Agreement, dated as of September 4, 2003 (the "Purchase Agreement") with Ideasphere, Inc. and TL Acquisition Corp. (collectively, the "Purchaser" or the "Defendants") which provided for, among other things, the sale of substantially all the assets of the Debtors (the "Sale Order"). The sale to the Defendants pursuant to the Sale Order and the Purchase Agreement (as amended) was consummated on December 19, 2003.

By Order dated July 26, 2005, the Bankruptcy Court and the United States District Court for the Southern District of New York (the "District Court"), having jurisdiction over the Debtors' chapter 11 cases, confirmed the Debtors' First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (the "Plan"). On August 15, 2005, the

---

[1] Capitalized terms used herein and not otherwise defined herein have the respective meanings ascribed to them in the Debtors' Motion for Summary Judgment (the "Motion").

Debtors substantially consummated the Plan and the Effective Date of the Plan occurred (as that term is defined in the Plan).

Prior to the sale, and prior to the commencement of their chapter 11 cases, the Debtors had purchased numerous insurance policies, including policies through Marsh & McLennan Companies, Inc. ("Marsh") and Aon Corporation (together with its subsidiaries and affiliates, "Aon").  To protect against successor liability, the Purchase Agreement provided that the Debtors' insurance policies, the rights to proceeds thereof, and any claims or causes of action relating thereto were "Excluded Assets" that were not sold or transferred to Ideasphere.

Recently, Marsh and Aon entered into Settlements to resolve litigations brought against them by third parties.  The Settlements created funds to benefit the purchasers of insurance policies purchased through Marsh and Aon.  The Prepetition Policies, the proceeds thereof, and the claims or causes of action relating thereto, including the Recovery Lawsuits, are Excluded Assets and remain property of the Debtors' estates.

**FACTS**

The pertinent facts are set forth in the Motion, including the Statement of Undisputed Facts annexed thereto, and are incorporated herein by reference as if fully set forth at length.

**ARGUMENT**

**I.**

**AS A MATTER OF LAW, THE RIGHT TO PARTICIPATE IN OR OPT-OUT OF THE SETTLEMENTS AND THE RIGHT TO THE PROCEEDS OF THOSE SETTLEMENTS ARE PROPERTY OF THE DEBTORS' ESTATES.**

A. **STANDARD FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Rules 7056 and 9014(c) of the Federal Rules of Bankruptcy Procedure, summary judgment should be entered when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995).[2] Summary judgment is appropriate when the court, having drawn all reasonable inferences in favor of the non-moving party, determines that no reasonable trier of fact could find in favor of the non-moving party. Horn & Hadart Co. v. Pillsbury Co., 888 F.2d 8, 10 (2d Cir. 1989).

Once a moving party demonstrates that there are no genuine issues of relevant, material fact, the burden shifts and requires the non-movant to demonstrate the existence of a factual issue requiring trial. Celotex, 477 U.S. at 323. Conclusory allegations or speculation are not sufficient for the non-moving party to avert summary judgment, and the non-moving party

---

[2] Federal courts sitting in diversity, including bankruptcy courts, apply state substantive law and federal procedural law. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 416, 116 S. Ct. 2211, 2214 (1996) (diversity cases) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938)); Sanner v. Poli (In re Poli), 298 B.R. 557, 561 (Bankr. E.D. Va. 2003) (Erie doctrine applies to "bankruptcy courts which are often presented with situations where the Bankruptcy Code incorporates issues that are the subject of state law"). The standards for summary judgment are procedural and thus governed by the Federal Rules of Civil Procedure. See Com/Tech Communication Techs., Inc. v. Wireless Data Sys., Inc., 163 F.3d 149, 150-51 (2d Cir. 1998) ("[W]here the matter in question is one covered by the Federal Rules of Civil Procedure, 'it is settled that . . . the Federal Rule applies regardless of contrary state law.'") (citation omitted).

must provide more than a "scintilla of evidence" and establish "more than some metaphysical doubt as to the material facts." The party opposing summary judgment must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." Bayerische Hypo-Und Vereinsbank AG v. Banca Nazionale Del Lavoro, S.p.A (In re Enron Corp.), 292 B.R. 752, 762 (Bankr. S.D.N.Y. 2003) (citation omitted). Under these governing standards, the Debtors are entitled to summary judgment on the claims set forth in the Complaint.

### B. RULES OF CONTRACT INTERPRETATION

Section 13.6 of the Purchase Agreement provides that the Purchase Agreement "shall be governed and construed in accordance with the laws of the State of New York applicable to contracts made and performed in such State." Purchase Agreement § 13.6.

"[I]t is well established in this Circuit that summary judgment is appropriate in contract cases where the intent of the parties is at issue, provided the language of the contract is plain and unambiguous." Shugrue v. Pension Benefit Guar. Corp. (In re Ionosphere Clubs, Inc.), 147 B.R. 855, 861-862 (Bankr. S.D.N.Y. 1992) (citing Arcadian Phosphates, Inc., v. Arcadian Corp., 884 F.2d 69, 73 (2d Cir. 1989); Tokio Marine & Fire Ins. v. McDonnell Douglas Corp., 617 F.2d 936, 940 (2d Cir. 1980); LTV Corp. v. Aetna Cas. and Surety Co. (In re Chateaugay Corp.), 116 B.R. 887, 901 (Bankr. S.D.N.Y. 1990). "In a contract action, the court's general objective should be to give effect to the intentions of the parties in entering into the agreements." Metropolitan Life Ins. Co. v. RJR Nabisco, Inc., 906 F.2d 884, 889 (2d Cir. 1990) (citing Hartford Accident & Indemnity Co. v. Wesolowski, 305 N.E.2d 907 (N.Y. 1973); Morlee Sales Corp. v. Manufacturers Trust Co., 172 N.E.2d 280 (N.Y. 1961); 4 S. Williston, Williston on Contracts § 600, at 280 (3d ed. 1961)). "Under New York law, … if a contract is unambiguous

on its face, its proper construction is a question of law." Id. (citing United States Naval Institute v. Charter Communications, Inc., 875 F.2d 1044, 1048 (2d Cir. 1989)).

The Second Circuit has held that, when interpreting an unambiguous contract, words and phrases are given their plain meaning. Krumme v. Westpoint Stevens Inc., 238 F.3d 133, 139 (2d Cir. 2000) (citing PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1199 (2d Cir. 1996)); In re WorldCom, Inc., 296 B.R. 115, 121 (Bankr. S.D.N.Y. 2003). Where the language chosen by the parties is clear and unambiguous on its face, extrinsic evidence may not properly be received in evidence. Id.; see In re Ionosphere Clubs, Inc., 147 B.R. at 863.

"Parole evidence is admissible to aid in interpretation of a contract only when the language of the contract is ambiguous." Burger King Corp. v. Horn & Hardart Co., 893 F.2d 525, 527 (2d. Cir. 1990). "Contract language is ambiguous if it is reasonably susceptible of more than one interpretation, and a court makes this determination by reference to the contract alone." Id. "Contract language is unambiguous if it has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion.'" Metropolitan Life, 906 F.2d at 889 (citing Breed v. Insurance Co. of North America, 385 N.E.2d 1280, 1282 (N.Y. 1978)). "Language whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations in the litigation." Id. (citing Hunt Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir. 1989)).

C. **NO GENUINE ISSUES OF MATERIAL FACT EXIST**

The underlying facts of this Adversary Proceeding are not complicated and are not disputed. No genuine issues of material fact exist.

The applicable sections of the Purchase Agreement material to this litigation are unambiguous on their face. Accordingly, the words and phrases therein should be given their plain meaning, and extrinsic evidence may not properly be received in evidence. See Krumme, 238 F.3d at 139; In re Ionosphere Clubs, Inc., 147 B.R. at 863.

The Purchase Agreement provides that Ideasphere would purchase and the Debtors would sell and transfer all the right, title, and interest in, to, and under certain defined "Purchased Assets." See Purchase Agreement § 2.1. By definition, the Purchased Assets excluded certain defined "Excluded Assets." Id. ("'Purchased Assets' shall mean all the assets, properties, rights and claims of every kind and description of each of the Sellers used in the Business (other than Excluded Assets)…"). Purchased Assets include "any rights, claims or causes of action of [the Debtors] against third parties, … but exclud[e] those related to the Excluded Assets." Id. at § 2.1(p). The enumerated list of "Excluded Assets" includes "all insurance policies or rights to proceeds thereof…" Id. at § 2.2(i). The Purchase Agreement is explicit and clear: "Nothing herein contained shall be deemed to sell, transfer, assign or convey the Excluded Assets to any Purchaser, and Sellers shall retain all right, title and interest to, in and under the Excluded Assets." Id. at § 2.2. Accordingly, the Debtors retained "all insurance policies or rights to proceeds thereof" and "any rights, claims or causes of action of [the Debtors] against third parties [that are] related to the [insurance policies or rights to proceeds thereof.]" The actions against Marsh and Aon are indisputably rights, claims, or causes of action of the Debtors against third parties that are related to the insurance policies or rights to proceeds thereof.

The Second Circuit has previously determined that "the ordinary meaning of the broad term 'related to' … is clear and unambiguous":

> The term 'related to' is typically defined more broadly [than 'arising out of'] and is not necessarily tied to the concept of a causal connection. Webster's Dictionary defines 'related' simply as 'connected by reason of an established or discoverable relation. The word 'relation,' in turn, as 'used especially in the phrase 'in relation to,'' is defined as a 'connection' to or a 'reference' to. Courts have similarly described the term 'relating to' as equivalent to the phrases 'in connection with' and 'associated with,' and synonymous with the phrases 'with respect to,' and 'with reference to,' and have held such phrases to be broader in scope than the term 'arising out of.'

Coregis Ins. Co. v. Am. Health Found., Inc., 241 F.3d 123, 128-29 (2d Cir. 2001) (citations omitted); see also Vermont Pure Holdings, Ltd. v. Descartes Sys. Group, Inc., 140 F. Supp. 2d. 331, 334 (D. Vt. 2001) (citing Coregis for the proposition that "the ordinary meaning of the term 'related to' was clear, unambiguous, and quite broad.").

### D. THE DEBTORS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW

As no genuine issues of material fact exist, the Debtors are entitled to judgment as a matter of law. See Celotex, 477 U.S. at 322. The Recovery Lawsuits, the Settlement Proceeds, and the decision whether to opt into the Settlements, are clearly and unambiguously excluded from the Purchased Assets pursuant to Section 2.1(p) of the Purchase Agreement as they are "related to" the "insurance policies" which, as set forth above, are themselves Excluded Assets.

## **CONCLUSION**

For the foregoing reasons, the Debtors' Motion for Summary Judgment should be granted.

Dated: New York, New York  
       October 14, 2005

Respectfully submitted,

/s/ Michael P. Kessler  
Michael P. Kessler, Esq. (MK 7134)  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153-0019  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007

Attorneys for the Debtors