KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Matthew J. Williams, Esq. (MW 4081)
Jonathan T. Koevary, Esq. (JK 5730)

Attorneys for Ideasphere, Inc. and TL Acquisition Corp.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **TL ADMINISTRATION CORPORATION et al.** (f/k/a/ TWINLAB CORPORATION et al.), | |
| Debtors. | **Case No. 03-15564 (RDD)** |
| **TL ADMINISTRATION CORPORATION et al.** (f/k/a/ TWINLAB CORPORATION et al.), | **Adv. No. 05-02376 (RDD)** |
| Plaintiffs, | |
| - v. - | |
| **IDEASPHERE INC., AND TL ACQUISITION CORP.** Defendants. | |

**REPLY TO DEBTORS' RESPONSE TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Ideasphere, Inc. and TL Acquisition Corp. (collectively "Defendants"), by their attorneys, Kramer Levin Naftalis & Frankel LLP, hereby submit this reply to Plaintiffs TL Administration Corp., TL Administration Inc., and TL Administration UK's (collectively, the Debtors) Response to Memorandum of Law in

KL2:2415615.5

Support of Defendants' Motion for Summary Judgment dated October 21, 2005 (the "Debtors' Response").[1]

## PRELIMINARY STATEMENT

Before the Court is the question of whether the rights to the Recovery Lawsuits and the Settlement Proceeds belong to the Debtors as sellers of substantially all assets of Twinlab or to the purchasers of those assets – the Defendants.[2] The Debtors rest their argument on one theory: that the choice of the phrase "related to insurance policies" necessarily indicates that the parties agreed to exclude the Recovery Lawsuits from the Purchased Assets. As the Defendants have already shown, there is nothing in the agreement or the law that suggests that the Recovery Lawsuits "relate to" the insurance policies. Accordingly, allowing the estate to retain the Settlement Proceeds would be a windfall to the estate at the expense of the Defendants.

## ARGUMENT

The Debtors argue that "related to" ought to be given its "plain meaning." *See* Debtors' Response at 5. For this proposition, the Debtors rely on the language of two "related to" cases, *Coregis Ins. Co. v. Am. Health Found, Inc.*, 241 F.3d 123 (2d Cir.

---

[1] The parties to this adversary proceeding cross-moved for summary judgment on October 14, 2005. Capitalized terms used herein and not otherwise defined herein have the respective meanings ascribed to them in the Defendants' Memorandum of Law in Support of their Motion for Summary Judgment dated October 14, 2005 (the "Defendants' Motion").

[2] In their Response, the Debtors note that no statement of undisputed material facts was annexed separately to the Defendants' Motion for Summary Judgment. The Defendants take the position that this omission is both harmless and irrelevant, especially considering that the Debtors seek summary judgment on precisely the same issue stemming from identical facts as do the Defendants. *See Aviation Development Co. PLC v. C & S Acquisition Corp.*, 1999 WL 123718, *2, *4 (S.D.N.Y. 1999) (denying reargument of summary judgment order granted in favor of party which "did not formally cross-move for summary judgment [but] did put [other party] on notice that [it] believed it was entitled to summary judgment" as it is "black letter law that a summary judgment motion 'searches the record' and thus the Court may grant summary judgment to the non-movant." (citing *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991)).

2001) and *Vermont Pure Holdings, Ltd. v. Descartes*, 140 F. Supp.2d 331, 334 (D. Vt. 2001) without offering any analysis of how the underlying facts of those cases ought to be determinative of the present matter. However, "related to" cannot be given a broader meaning than context and common sense would dictate.[3] *See Empire Healthchoice Assurance Inc. v. McVeigh*, 396 F.3d 136 (2d Cir. 2005) and *Camferdam v. Ernst & Young Inter'l Inc.*, 2004 WL 1124649 (S.D.N.Y. May 19, 2004). The arguments set forth in the Debtors' Response fail to rectify as much. For example:

- The Debtors note that one purpose of the Purchase Agreement's carve out of the Excluded Assets (including the insurance policies and proceeds) was to ensure that the Defendants did not inadvertently assume successor liability. *See* Debtors' Response at 8. The Defendants do not disagree. However, the Debtors fail to suggest how the Debtors' retention of the Recovery Lawsuits or the Settlement Proceeds would further effectuate that purpose – thus there is no reason, and the Debtors cite none, that would support an exceedingly broad reading of the phrase "related to" under the circumstances.

- The Debtors claim the Defendants resort to parol evidence to divine the intention of the parties. However, it is the <u>Debtors</u> that ask this Court to go beyond the language of the Purchase Agreement. *See* Debtors' Response at 8 (asserting that "Defendants were concerned about successor and vicarious liability for the Excluded Assets in particular."). As noted by the Defendants, the intent of the parties (to ensure that the estate retained the policies to pay claims made under such policies) is clearly discernable by turning to the language of the Purchase Agreement itself. *See* Defendants' Response at 7.

---

[3] While the broad terms of the transfer provision do include a carve out from the transfer of all third-party claims to the Defendants for those claims "related to" Excluded Assets, the Debtors have consistently focused their arguments exclusively on the term "related to" in this limited carve out -- seeking a universal application of that term. Noticeably absent from the Debtors' arguments is any analysis of the Excluded Asset to which they assert the third-party claims at issue "relate." Whereas in making these arguments, the Debtors insist that the Court must apply common sense to the term "related to," when it comes to the referenced Excluded Asset that is necessarily at issue, the Debtors desire that the Court only take the words "insurance policies and the proceeds thereof" at face value without applying any analysis, common sense or otherwise. Under a common, practical assessment, the relevant asset excluded for the benefit of the Debtors was the continued right to be the insured under the Debtors' pre-petition insurance policies with all of the legal rights to the protection of the terms therein and the proceeds thereof. There is no question that these rights remain with the Debtors regardless of the outcome of this litigation.

3

- The Debtors claim that the designation of "insurance policies and proceeds thereof" as Excluded Assets ensures that the insurance will remain with the estate to pay tort claims, and that therefore, the phrase "related to" set forth in Section 2.1(p) is unnecessary to effectuate that purpose. *See* Debtors' Response at 8.[4]  This assertion ignores that the right to bring a cause of action is an asset into itself.  If the Debtors had retained only the rights to the Insurance Policies, but not claims "related to" those rights, the Debtors could theoretically be precluded from bringing all sorts of actions (collection actions, bad faith actions etc . . .) against insurers for failure to pay under the policies.  By providing that the Debtors would retain causes of action "related to" Excluded Assets, the Debtors were ensured the right to bring suit on the Excluded Assets.

As set forth at length in the Defendants' previous papers, neither the Recovery Lawsuits or the Settlement Proceeds can have any affect whatsoever on the Debtors' rights to the Excluded Assets.  This fact remains undisputed.  No language in the Purchase Agreement suggests that any party intended to carve out the rights to the Recovery Lawsuits and the Settlement Proceeds from the generally broad asset transfer provision.

## CONCLUSION

The Debtors have failed to meet their burden in demonstrating that summary judgment in their favor is warranted.  Thus, the Debtors' motion for summary judgment should be denied in its entirety.  Rather, the Defendants have demonstrated that

---

[4] The Debtors cite to the notion that some of the commissions paid to Marsh and Aon were paid, not by the Debtors, but by the Insurers themselves. The Debtors go on to theorize that "[h]ad the contingent commissions been lower, the Debtors' Prepetition Policies' premiums would have been lower." *See* Debtors' Response at 3 n.5. Without regard to whether the Debtors' theory is correct, this "contingent commission" argument is a red herring as the origin of the commissions does not control the outcome of this matter. The Debtors further make the assertion that, "absent the Prepetition Policies, there would be no Settlement Proceeds!" *Id.* at 4. While true, nothing in the Purchase Agreement lends credence to the Debtors' "but for" reading – a reading rejected in *Camferdam v. Ernst & Young Inter'l Inc.*, 2004 WL 1124649 (S.D.N.Y. May 19, 2004). In *Camferdam*, but for the underlying tax services agreement and the contractual clause calling for arbitration of claims "related to tax services," there would not have been a question of arbitrability. *Id.* at *2. Nevertheless the court held that the dispute over arbitration procedures was not sufficiently related to the tax services, and thus, not arbitrable. *Id.*

4

(i) because the Purchase Agreement provided for the broad transfer of assets generally; and (ii) because a common sense reading of the contract conclusively shows that the Recovery Lawsuits and the Settlement Proceeds were not carved-out of the asset transfer, summary judgment in favor of the Defendants on the Debtors' claim and on the Defendants' counterclaim is warranted.

Dated: New York, New York,
October 31, 2005

                        KRAMER LEVIN NAFTALIS &
                        FRANKEL LLP

                        By: /s/ Matthew J. Williams
                        Matthew J. Williams, Esq. (MW 4081)
                        Jonathan T. Koevary, Esq. (JK 5730)
                        1177 Avenue of the Americas
                        New York, New York 10036
                        (212) 715-9100

                        Attorneys for Defendants

KL2:2415615.5